## FIRST N. BANK v. JOHN M. FAIR.

ERROR TO THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 9, 1889—Decided June 28, 1889.

[To be reported.]

1. An averment in a statement of claim that a certain payment made by a third person, was made to apply on a particular judgment and should have been credited thereon, if unaccompanied by any allegation of an agreement or direction for such application, is no more than an expression of opinion, and is insufficient to support a claim depending upon an alleged right in the plaintiff to the allowance of such credit.

Statement of Facts.

2. Where the plaintiff in a judgment, without fraud or deceit, and through a voluntary payment made by the sheriff out of the proceeds of a judicial sale, receives the amount appearing to be due by the record of the judgment, which is more than the sum actually remaining due thereon, but not more than enough to extinguish the indebtedness of the defendant to him, he has a right to apply the excess to indebtedness other than the judgment.

3. A person who, after the entry of a judgment and before a sheriff's sale of real estate thereunder, purchased the land from the defendant in the judgment, has no higher rights against the judgment plaintiff than the latter: if the defendant may not recover from the plaintiff money collected by means of an execution and sheriff's sale of the land upon which the judgment was a lien, neither can such purchaser.

Before Paxson, C. J., Sterrett, Green, Clark and Mitchell, JJ.

No. 165 January Term 1889, Sup. Ct.; court below, No. 93 December Term 1887, C. P.

On June 1, 1887, on an appeal from the judgment of a justice of the peace, in an action brought by John M. Fair against the First National Bank of Warren, the plaintiff filed his statement of claim, setting forth that the defendant bank had held a judgment for $625, entered in the Court of Common Pleas of Warren county, against Frank O'Connor and Edward Reid; that this judgment was given to secure six notes, aggregating $625, which said bank had discounted for O'Connor and Reid, and it was a lien upon a certain tract of land in said county; that subsequent to its entry the plaintiff purchased said land from O'Connor and Reid, and paid the full purchase price thereof, in ignorance of the existence of this lien ; that before the issuing of the execution mentioned below, O'Connor and Reid had paid to the bank " $300, which was to apply on the said judgment," paying off three of the notes to secure which the judgment was given, " and which should have been credited on said judgment, as of the dates the same were paid," but that no credit was ever entered on the judgment for said $300 ; that subsequently an execution was issued on said judgment and the land purchased by Fair from O'Connor and Reid was levied on and sold as the property of the latter ; that at the time of the sale there remained due to the bank upon the judgment, as debt and interest, the sum of $335 only, but the bank received from the sheriff the sum of $461.35, the balance

of proceeds of sale after paying costs, of which balance the sum of $126.35 belonged to the plaintiff Fair, "who was the owner of said land, subject to what was justly due on said judgment;" that no claim for this was made at the time by plaintiff, because he was unaware that anything had been paid on the judgment, but, as soon as he learned of the payment of the $300 above mentioned, he demanded of the bank the sum of $126.35, and interest thereon, payment of which was refused.

An affidavit of defence made by the cashier of the defendant bank and filed, averred that the money paid to the defendant by the sheriff, and claimed by the plaintiff, "was made by the said sheriff upon lawful process, issued from this court against Frank O'Connor and Edward Reid for that purpose, and paid to the defendant by the said sheriff; that the said money was received by the said defendant upon the indebtedness to it from said O'Connor and Reid, and that the same did not pay all their indebtedness to said bank, but there was still a balance due it from them, which has been paid since by indorsers."

A rule taken for judgment for want of a sufficient affidavit of defence, was made absolute, November 17, 1888, BROWN, P. J., delivering the opinion:

The defendant had a judgment against O'Connor and Reid. After the entry of the judgment the plaintiff purchased from O'Connor and Reid certain real estate on which defendant's judgment was a lien, but in ignorance of that fact he paid the full amount of the purchase money. The defendant issued execution on its judgment, by virtue of which said real estate was sold, and the proceeds paid to defendant.

The plaintiff alleges that at the time of the sheriff's sale he did not know that anything had been paid on defendant's judgment against O'Connor and Reid, and hence did not make any demand on the sheriff for the amount of the proceeds of sale belonging to him; that afterwards he learned that O'Connor and Reid had paid the defendant on its judgment the sum of $300 which had not been credited; that of the proceeds of the sale of the said real estate the defendant received the sum of $461.35, when it was only entitled to $335; that for the dif-

ference of $126.35 he made demand on defendant for payment which was refused.

The statement of plaintiff's claim sets forth in substance the facts recited, and the affidavit does not deny them. It does not deny the allegation in plaintiff's statement that the defendant had received from the proceeds of the sheriff's sale $126.35 more than was due on its judgment, but asserts that the money was received on the indebtedness to it of O'Connor and Reid, and that it did not pay all their indebtedness, "but there was still a balance due it from them, which has been since paid by indorsers." We think the affidavit is insufficient, and the rule to show cause why judgment should be entered against defendant is made absolute.

Judgment having been entered in favor of the plaintiff for $159.62, the defendant took this writ, specifying that the court erred:

1. In entering judgment against the defendant for want of a sufficient affidavit of defence.

2. In holding that the plaintiff could recover upon the cause of action set forth in his statement.

*Mr. D. I. Ball* (with him *Mr. C. C. Thompson*), for the plaintiff in error:

There are three reasons why the judgment should be reversed: (1) The money sued for was collected by process of law and applied on the indebtedness of the bank against the parties as whose property the money was made and paid over, without any fraud, and therefore it cannot be recovered back: Federal Ins. Co. v. Robinson, 82 Pa. 359; Herring v. Adams, 5 W. & S. 461; Mann's App., 1 Pa. 29; Boas v. Updegrove, 5 Pa. 516. (2) Even if recoverable, the money must be sued for by the sheriff who paid it, and not by this plaintiff: Longenecker v. Zeigler, 1 W. 252; Finnel v. Brew, 81 Pa. 365. (3) The justice had no jurisdiction. There being neither privity nor contractual relation between the bank and Mr. Fair, his rights against it, if he have any, do not arise from contract, and his remedy is case, of which the justice does not have jurisdiction: Schaffer v. McNamee, 13 S. & R. 44; Zeigler v. Gram, 13 S. & R. 103. It is due to the court below to say that this question of jurisdiction was overlooked there.

*Mr. Geo. H. Higgins* (with him *Mr. O. C. Allen*), for the defendant in error :

1. The cases cited by the defendant to sustain his first proposition are not like the case at bar.   They are cases in which the rights of the parties had been adjudicated and where the rights of third persons had not intervened.   Fair was guilty of no laches.   The bank knew that Fair had bought this land and paid full value for it, for this is not denied in the affidavit of defence.   It purposely refrained from entering the proper credits on the judgment, proceeded to enforce it as if all unpaid, and under it took Fair's money.   On what principles of justice, honesty and fair dealing is it to be allowed to keep it ?

2. The proposition that the action must be in the sheriff's name is not supported by the cases cited for the bank.   On the contrary, Longenecker v. Zeigler decides that the action may be brought by the person entitled to receive the money. Fair does not occupy the same position that O'Connor and Reid would, for the reason that they knew, and he did not, that the $300 had been paid on the judgment.

3. Assumpsit for money had and received is the proper remedy in such a case as this : Longenecker v. Zeigler, 1 W. 252; McDonald v. Todd, 1 Gr. 17 ; Miller v. Ord, 2 Binn. 382 ; Barr v. Craig, 2 Dall. 151 ; Haldane v. Duche, 2 Dall. 176. It is based upon an implied contract, needing no privity other than the fact of one person's having money which ex æquo et bono belongs to another: 1 Bouv. Law Dict. 356; Moses v. Macferlan, 2 Burr. 1008; Ex parte Ford, 16 Q. B. D. 307.   A justice of the peace has jurisdiction of such a cause of action : Act of March 20, 1810, 5 Sm. L. 161.

OPINION, MR. JUSTICE GREEN :

Upon the facts set forth in the plaintiff's statement and defendant's affidavit of defence, we are of opinion that the plaintiff is not entitled to judgment.   The plaintiff's statement does not aver that the defendant knew that Fair had bought the land of O'Connor and Reid and paid the full value of it, and therefore he has no right to the inference of such a fact from the omission of the defendant to deny it.   As the affidavit of defence avers that the money was received by the bank upon the indebtedness to it from O'Connor and Reid, and that

it was not sufficient to pay all of said indebtedness, and that the balance of the indebtedness was subsequently paid by indorsers of O'Connor and Reid, it is difficult if not impossible to discover any element of mala fides on the part of the bank in receiving and retaining the whole amount of the money paid to them by the sheriff. The bank held a judgment against O'Connor and Reid for $625, to secure the payment of notes to that amount. Three hundred dollars, being for three of the notes, had been paid to the bank by O'Connor and Reid. The plaintiff's statement alleges that the $300 "was to apply on the said judgment," but it does not allege that the bank had agreed to so apply it, or that O'Connor and Reid had made any such application of it, when the money was paid. Without such an averment the statement that the $300 "was to apply on the said judgment" is nothing more than the expression of the affiant's opinion to that effect. The same is true of the allegation that the amount "should have been credited on said judgment."

The case then is, that, without any averment of a special application of the money paid to the extinguishment of the judgment pro tanto, by either of the parties to the judgment, the plaintiff in the judgment having issued execution thereon and sold the real estate of the defendants therein, the sheriff voluntarily paid to the plaintiff, out of the proceeds in his hands, a sum sufficient to satisfy the judgment as it stood of record. This amount was in excess of the amount which would have been due, if the $300 paid by the defendants in the judgment previously, had been credited on the judgment when paid, or at any time after, but was not enough to pay the whole amount of the indebtedness due by the defendants to the plaintiff. Clearly, as between the defendants and the bank, the latter had the legal, as well as the moral, right to retain the whole amount of the money received, for it would be no more than a debtor to the defendants for the amount of the excess, and this indebtedness it would have a right to apply to the remaining indebtedness due by the defendants to the bank. Indeed it would be a grave question whether the bank might not be required to make such application by the indorsers of the other paper held by the bank.

This being so, how does it become unconscionable for the

Syllabus.

bank to retain the money? The defendants in the judgment owed it to the bank, and so far as appears on the record of this case they make no objection to this action of the bank. If the bank owed no duty to return the money to the defendants in the judgment, how do they owe such a duty to Fair, who claims title to the land under the defendants? He was a voluntary purchaser from the defendants. The judgment of the bank was at that time a lien on the property purchased, ostensibly for its whole amount, and Fair took the title with full record notice of the judgment for its whole amount. The bank owed him no duty of information. If he failed to know of the judgment, it was his own fault for which he cannot hold the bank responsible in any manner whatever. He had ample opportunity to intervene and assert any rights he may have had as a purchaser before the sheriff's sale, but he did not see fit to do so. He allowed the sale to proceed and the purchase-money to be paid over to the bank without objection, and after all this has been done and the bank has simply received money made by lawful process of execution, and which as against its judgment debtors, the defendants in the execution, it had a perfect right to retain, he brings an action against the bank to recover for himself the money so received. We know of no principle of law or morals upon which a recovery can be had in such circumstances, and we are referred to no authority which has ever sanctioned it.

Judgment reversed, and procedendo awarded.